### WARD v. CITY OF TROY.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

**1. MUNICIPAL CORPORATIONS—INJURIES—DAMAGES—CLAIM—NOTICE.**
Where plaintiff filed a notice of intention to commence an action for injuries with the corporation counsel, and a notice of her claim for such injuries with the comptroller, as required by the city charter, and an action was commenced, but discontinued, and a second action commenced after filing a new notice of intention, the filing of a second notice of claim was not essential to maintaining the second action.

**2. EVIDENCE—MUNICIPAL CORPORATIONS—INJURIES—EVIDENCE.**
In an action against a city for injuries caused by the giving way of the iron covering over a cesspool entrance in a sidewalk, the stone rim or flange in which it rested being broken, it was not error to refuse to allow defendant to show that no other accident of the kind had happened.

**3. SAME—EXPERTS.**
In an action against a city for injuries caused by the giving way of the iron covering over a cesspool entrance in the sidewalk, the stone rim or flange in which it rested being broken in places, it was not error to refuse to allow a civil engineer to testify for defendant that it was a mechanical impossibility for such cover to tip before it slid or before it was dislodged from the rim or edge of the hole, since it was not a subject for expert testimony, the jury being as competent as witness to judge of the mechanical possibilities of the situation.

Appeal from trial term, Rensselaer county.

Action by Johanna Ward against the city of Troy to recover for injuries caused by a defective sidewalk. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict, defendant appeals. Affirmed.

Upon the 3d day of January, 1897, the plaintiff, in walking along the north side of Harrison street in the defendant city, stepped upon a covering of a cesspool entrance which was upon the highway or sidewalk upon the street. This covering gave way, and plaintiff fell in, and was injured, and for these injuries she has recovered in this action. The stone is cut down around this hole a little way, leaving a rim or flange on which rests an iron plate. This flange was, in places, broken, and it is claimed that by reason of this imperfection the iron plate gave way, which caused the plaintiff's fall. The notice of plaintiff's claim was presented and left with the comptroller pursuant to the charter of the city of Troy, and notice of an intention to commence an action was filed with the counsel to the corporation. The filing of these two notices is made, by the charter of the city of Troy, a condition precedent to the bringing of an action. An action was then commenced for this same injury, which was thereafter discontinued. After said discontinuance, and before the bringing of this action, a new notice of an intention to commence an action was filed with the counsel of the corporation, but no new notice of claim was presented to or left with the comptroller.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Thomas S. Fagan, for appellant. .
Thomas E. Power, for respondent.

SMITH, J. The evidence produced by the plaintiff was, in our judgment, sufficient to authorize the verdict. The question of the preponderance of evidence was properly left to the jury, whose province it is to determine the same; and with their determination we find no just cause for interference.

The main contention of appellant's counsel upon this appeal is that, after the discontinuance of the first action, plaintiff must file both a new notice of intention to commence an action with the corporation counsel and a new notice of claim with the comptroller; that, having failed to file with the comptroller the second notice of claim after the discontinuance of the first action, she had failed to do what the law has made a condition precedent to the bringing of her second action. The contention seems to us entirely without merit. It might well be claimed that, after the discontinuance of the first action, she must file a second notice of the intention to commence an action with the corporation counsel before the second action was authorized. The object of that notice is to put the municipality upon its guard that the action may be defended, and a discontinuance of the first action might well be deemed a rescission of the first notice. This reasoning, however, in no way applies to the notice of claim required to be filed with the comptroller. That notice met the full requirements of the law, and it is difficult to understand how a second notice could aid the defendant, or accomplish any other purpose than was accomplished by the filing of the first notice. The charter provision is that "no civil action shall be maintained * * * unless it appears that the claim for which such

action was brought was presented to and left with the comptroller." Laws 1892, c. 670, § 19. The condition precedent prescribed by the statute has been performed both in letter and in spirit.

Two exceptions to the ruling of the court call for special notice. First. The court refused to allow the defendant to show that no other accident of the kind had happened. There are cases which seem to give importance to the fact that no other accident had happened similar to the one in suit. Those cases, however, are mostly cases where the negligence claimed is one of construction, and the construction claimed to be negligent has stood the test of frequent use without injury. We will not say that this evidence is only competent in cases of defective construction. In the case at bar, however, considering the situation of this opening, the nature of the defect claimed, and the period of its existence, the fact sought to be proved would have given little assistance to the jury in reaching their conclusion. Second. The court refused to allow a civil engineer, sworn in behalf of the defendant, to testify that it was "a mechanical impossibility for that cover to tip before it slid or before it was dislodged from its position on the rim or edge of the hole." The ruling was clearly right. The question was not one for expert testimony. From the facts as they appear from the evidence the jury was quite as competent as was this civil engineer to judge of the mechanical possibilities of the situation.

We have examined the other exceptions called to our attention by the appellant, and find no error calling for a reversal of this judgment.

Judgment and order affirmed, with costs. All concur.